AMOS A. McININCH et al., Appellants, v. MATILDA SCHALL et al., Respondents.

Kansas City Court of Appeals, December 4, 1911.

1. **MORTGAGES: Indemnity of Endorser: Evidence.** Where a mortgage is given by the payer of a promissory note to indemnify an endorser on such note against his having to pay it, in an action to foreclose the mortgage by the endorser, it is necessary that he should show that he was compelled to pay the note by reason of indorsing it.

2. **———: ———: Construction: Indemnity.** Where a mortgage is given reciting that it is to secure and indemnify another as endorser of two promissory notes for the mortgagor, and wherein it is stated that it is executed "for the purpose of securing the endorser from the payment of the notes" and to save and keep

him harmless and to indemnify him "from the payment of said notes," it was *held* that the fact that the mortgage at one place referred to one of the notes as payable directly to the endorser, did not prevent a construction of its entire terms as being a deed of indemnity only.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*Spencer & Landis* for appellants.

*H. K. White* for respondents.

ELLISON, J.—This action was instituted to foreclose a mortgage on property in the city of St. Joseph, executed in 1872. The judgment in the trial court was for the defendants.

Plaintiffs claim in their bill to foreclose that on the first day of March, 1872, one Benjamin Fetzner was the owner of two lots in St. Joseph, and that on that day he executed to Louis Mentzel his note for $600, payable ninety days after date with interest. The bill further alleges that on said March 1, 1872, Mentzel became Fetzner's endorser on a note to one Beattie for $2000. It then alleges that Fetzner and his wife executed a mortgage on the property to Mentzel to secure payment to Mentzel of the note for $600 and to indemnify him as endorser of the note to Beattie for $2000. It is then alleged that in 1873, Mentzel, as mortgagee, and with Fetzner's permission, entered into possession of the mortgaged property and while yet in possession he died in 1876, his rights therein as mortgagee descending to his heirs and that by mesne conveyances from the heirs the plaintiffs have become owners of the mortgage and the indebtedness. It is next alleged that Fetzner, the mortgagor, and his wife, are both dead and that their heirs are the de-

fendants in the present action; and that the notes had not been paid at the time of his death, and that no administration had ever been had.

It is then further stated that plaintiffs should be charged with the rental value of the property, stated to be ten dollars per year, and defendants with taxes. The prayer is for an accounting and a foreclosure of the mortgage for non-payment of the notes above mentioned.

Plaintiff's excuse non-payment of the notes by Fetzner, the mortgagor, for the long period of thirty-eight years, by alleging that he long since died and there has been no administration on his estate; and also that Mentzel and his successors have been in possession of the property as mortgagees.

It will be noticed that the allegation of the petition is that the mortgage was given to secure payment of one note, to Mentzel as the payee, and to indemnify him as endorser of the other in case he had it to pay. But in our opinion the mortgage itself does not justify those allegations. It seems clear that neither of the notes nor the mortgage represented a direct indebtedness to Mentzel. It is true the one for $600 was payable on its face "to the order of Louis Mentzel," but it was written on a blank of the St. Joseph Fire & Marine Insurance Company and was payable at the office of that company. It is altogether probable that it was made payable to Mentzel that he might endorse it for accommodation and thereby become liable for its payment. At any rate, the mortgage itself contains a copy of the notes and it begins by reciting: "That whereas the said Louis Mentzel has endorsed for said Benjamin Fetzner *two* certain promissory notes in words and figures following." The notes are then copied and the mortgage continues: "And which said notes it is contemplated may be renewed from time to time and the said Benjamin Fetzner is desirous of securing the said Louis Mentzel

against all responsibility as endorser of the notes aforesaid. Now, therefore, the said Benjamin Fetzner, for the purpose of securing the said Louis Mentzel, endorser, from the payment of the notes aforesaid, . . . have granted, bargained and sold, etc., (describing the land) . . . ; provided, this conveyance is made on the express condition that if the said Benjamin Fetzner, his heirs, etc., shall well and truly pay or cause to be paid unto the said A. Beattie and Louis Mentzel the aforesaid promissory notes on the day in said notes appointed for the payment thereof, or by other lawful means, save and keep harmless and indemnify the said Louis Mentzel from the payment of said notes, or any part thereof, . . . then this indenture and estate shall cease and determine."

We consider that the language of the mortgage is only subject to one interpretation and that is that Mentzel was endorser of both notes and was indemnified against loss by having to pay either of them. The only words appearing to bear out plaintiff's theory are those near the close of the foregoing quotation reciting that the notes were to be paid to "A. Beattie and Louis Mentzel," but these ought not to control the unequivocal declaration that Mentzel was endorser of both notes and the mortgage was to indemnify him as such. The parties to this contest were engaged in litigation to quiet title to this property and this mortgage figured in that controversy (indeed that case is relied on here by defendants as *res adjudicata*), and the Supreme Court regarded the mortgage as one of indemnity only (Hayes v. Schall, 229 Mo. 114, 122-123), Judge VALLIANT stating in the course of the opinion "that this mortgage was not to secure a debt that Fetzner owed Mentzel, but to indemnify him against his contingent liability for his indorsement."

Regarding the mortgage as one to indemnify the mortgagee as endorser, in case he should be compelled to pay them by reason of that relation, it was an indisputable prerquisite that plaintiffs should have shown that Mentzel, or his representative, has met the contingency provided for by paying the notes in whole or in part. In Hayes v. Schall, supra, the Supreme Court stated that there was no evidence in that case that Mentzel had been compelled to pay the debt, "or had ever acquired the right to foreclose the mortgage." No such showing was made in this case, and the judgment necessarily was for the defendants. It is therefore affirmed. All concur.